IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **ESTATE OF HARLEY JOHNSON,** *et al.*, | : : : |
| Plaintiffs, | : Case No. 2:11-CV-00067 : |
| v. | : JUDGE ALGENON L. MARBLEY : |
| **ERIC MILLER** *et al.*, | : : |
| Defendants. | : |

## OPNION & ORDER

### I. INTRODUCTION

This matter is before the Court on Defendants Todd Knauf, Joseph Evancho, Preston Beatty, Ron Fitch, Tracy Williams, Tom Phillips, James Carpenter, and Susie Anderson (collectively, "Individual Defendants"), and the Guernsey County Sheriff's Office and the County of Guernsey's (collectively, "County Defendants") Motion for Judgment on the Pleadings (Doc. 23). For the reasons set forth below, Defendants' Motion is **DENIED** in part and **GRANTED** in part.

### II. BACKGROUND

**A. Factual Background**

The factual allegations in the Plaintiffs' amended complaint show that on the morning of September 21, 2009, Cambridge Police Department Patrolmen Eric Miller and Ben Vanham questioned Harley Johnson on suspicion of operating a vehicle while intoxicated. Johnson told the Patrolmen that he had not been drinking but had merely taken his prescribed medication. Additionally, Johnson told the Patrolmen he was traveling to his sister's home, and she was going to accompany him to the hospital.

1

Following a brief conversation, Miller and Vanham took custody of Johnson and transported him to the Guernsey County jail. Defendants Corporal Todd Knauf and Corrections Officers Joseph Evancho and Susie Anderson were on duty at the Guernsey County Jail when Miller and Vanham brought in Johnson. Upon arrival at the jail, Johnson was non-responsive to questioning and could not be roused. After several failed attempts to rouse Johnson, Miller, Vanham, Knauf, and Evancho placed Johnson in a detoxification cell.

While Johnson was in the detoxification cell, the Guernsey County Jail had a shift change; new staff took over operation of the jail around 8:00 a.m. The new staff included Defendants Sergeant James Carpenter, Corporal Tom Phillips, and Correction Officers Tracy Williams, Ron Fitch, and Preston Beatty. Shortly after 11:00 a.m., Officer Beatty found Johnson on the floor not breathing. Johnson was pronounced dead at 11:55 a.m. on September 21, 2009.

**B. Procedural Background**

On January 21, 2011, Plaintiffs the Estate of Harley Johnson and Patricia Johnson, Harley Johnson's wife, filed suit against the individual officers, the Cambridge Police Department, the City of Cambridge, the Guernsey County Sheriff Office, and the County of Guernsey, alleging nine separate causes of action: (1) wrongful death against Defendants Miller, Vanham, Knauf, Evancho, Beatty, Fitch, Williams, Phillips, Carpenter, Anderson, and John/Jane Does 1-8; (2) punitive damages against Defendants Miller, Vanham, Knauf, Evancho, Beatty, Fitch, Williams, Phillips, Carpenter, Anderson, and John/Jane Does 1-8; (3) survivorship action against Defendants Miller, Vanham, Knauf, Evancho, Beatty, Fitch, Williams, Phillips, Carpenter, Anderson and John/Jane

2

Does 1-8; (4) 42 U.S.C. § 1983 Civil Rights violations against Defendants Miller, Vanham, Knauf, Evancho, Beatty, Fitch, Williams, Phillips, Carpenter, Anderson and John/Jane Does 1-8; (5) 42 U.S.C. § 1983 Civil Rights violations against Defendant Guernsey County Sheriff's Office; (6) 42 U.S.C. § 1983 Civil Rights violations against Defendant City of Cambridge Police Department; (7) 42 U.S.C. § 1983 Civil Rights violations against Defendants City of Cambridge and the County of Guernsey; (8) negligence against Defendants City of Cambridge and County of Guernsey; and (9) respondeat superior/vicarious liability against Defendants City of Cambridge and County of Guernsey.

On February 17, 2011, the Individual Defendants and the County Defendants filed a Motion for Judgment on the Pleadings (Doc. 9), alleging that the Plaintiffs had failed to state a claim upon which relief can be granted. On May 20, 2011, the Plaintiffs filed their First Amended Complaint (Doc. 17). The February 17, 2011, Motion for Judgment on the Pleadings, therefore, is now **MOOT**. On June 1, 2011, the above-named Defendants filed a renewed Motion for Judgment on the Pleadings (Doc. 23).  This motion has been fully briefed and is now ripe for a decision.

### III. STANDARD OF REVIEW

A motion for judgment on the pleadings may be made "[a]fter the pleadings are closed but within such time as not to delay the trial." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings under Rule 12(c) attacks the sufficiency of the pleadings and is reviewed under the same standard applicable to a motion to dismiss under Rule 12(b)(6). *Ziegler v. IBP Hog Mkt.*, 249 F.3d 509, 511–12 (6th Cir. 2001). "A motion to dismiss for failure to state a claim is a test of the plaintiff's cause of action as stated in the

3

complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958–59 (6th Cir. 2005). Consequently, the Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008); *Murphy v. Sofamor Danek Gp., Inc.*, 123 F.3d 394, 400 (6th Cir. 1997). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

Although liberal, the Rule 12(b)(6) standard requires more than the bare assertion of legal conclusions to survive a motion to dismiss. *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citation omitted). The complaint must "give the defendant fair notice of what the claim is, and the grounds upon which it rests." *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89 (2007)). While a complaint need not contain "detailed factual allegations," its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544. A complaint that suggests "the mere possibility of misconduct" is insufficient; rather, the complaint must state "a plausible claim for relief." *Iqbal*, 129 S.Ct. at 1950 (citing *Twombly*, 550 U.S. at 556). A Rule 12(c) motion is granted only if there is an absence of law to support a claim of the type made or of facts sufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim. *Cmty. Mental Health Servs. v. Mental Health & Recovery Bd.*, 395 F. Supp. 2d 644, 649 (S.D. Ohio 2004).

## IV. ANALYSIS

**A. County Defendants: Section 1983 Violation (Claims Five and Seven)**

In the fifth and seventh claims, the Plaintiffs allege the County Defendants failed to properly hire and train correctional staff regarding inmate medical needs in violation of Johnson's rights under the Constitution and 42 U.S.C. § 1983.

In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court held that a municipality may be held liable under Section 1983 for the unconstitutional acts of its employees if either a municipality's official policy or one of its customs is the source of injury. *Id*. at 694. In order to demonstrate liability, a plaintiff must show that the official policy in question is the "moving force" behind the constitutional violation; the existence of an official policy or custom cannot be demonstrated by the occurrence of the alleged constitutional violation itself. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985).

The Sixth Circuit has held that in order "to satisfy the *Monell* requirements, a plaintiff must identify the policy [or custom], connect the policy to the [government entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dept*., 8 F.3d 358, 364 (6th Cir. 1993); *see also Bd. of County Comm'rs v. Brown*, 520 U.S. 397 (1997) (noting that a plaintiff must show that municipal action was taken with requisite degree of culpability and must demonstrate a direct causal link between the municipal action and a deprivation of federal rights). A municipal policy includes a "policy statement, ordinance, regulation, or decision adopted and promulgated." *Powers v. Hamilton County Pub. Defender Comm'n*, 501 F.3d 592,

607 (6th Cir. 2007) (quoting *Monell*, 436 U.S. at 690). "An actionable 'custom,' in contrast, 'has not received formal approval through…official decision making channels.' A Section 1983 plaintiff may establish the existence of a custom by showing that policymaking officials knew about and acquiesced in the practice at issue." *Id*. (quoting *Monell*, 436 U.S. at 690–91).

In order to survive a motion to dismiss, a § 1983 plaintiff must set forth facts that establish the existence of the offending policy or custom for which the municipality is responsible. Alleging a single decision by municipal policymakers, such as a legislative act or a decision by an official with final authority, can be sufficient for municipal liability to attach. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 480–84 (1986) (finding that "municipal liability under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question"); *Cady v. Arenac County*, 574 F.3d 334, 345 (6th Cir. 2009). By contrast, alleging one specific incident by municipal employees resulting in a deprivation of rights is generally insufficient. Plaintiffs must show the deprivation is a result of deliberate indifference or gross negligence on the part of the officials in charge, or conduct explicitly or implicitly authorized by a decision maker. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808 (1985); *King v. City of Eastpointe*, 86 F. App'x 790, 801 (6th Cir. 2003) (noting that "[a]t a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate").

6

In this case, the County Defendants claim that the Plaintiffs have failed to plead a policy, practice, or custom relative to the § 1983 action in the amended Complaint. The Plaintiffs claim that the County Defendants' training policy, or lack of a training policy, has led the County Defendant to hire and fail to train the Individual Defendant Officers, resulting in the Officers' failure to provide appropriate medical care to Johnson. The Plaintiffs claim that as a direct and proximate result of the County Defendants' policy, Johnson suffered the alleged constitutional violations, notably loss of life and liberty without due process in violation of § 1983. Making reasonable inferences in favor of the non-moving party, this Court can infer that the Plaintiffs intend to show that Johnson's death resulted from conduct undertaken pursuant to the official jail hiring and medical emergency training policy, and that the customs are "consistently implemented to result in constitutional violations with explicit or implicit ratification by [County Defendants'] policy makers." *Gregory v. City of Louisville*, 444 F.3d 725, 752 (6th Cir. 2006), *cert. denied*, 549 U.S. 1114 (2007).

The Plaintiffs have identified a policy, connected the policy to the County Defendants, and pled sufficient facts to show that Johnson's death resulted from that policy.  Accordingly, the Plaintiffs have pled a cause of action, and the County Defendants' Motion for Judgment on the Pleadings is **DENIED** as to claims five and seven.

### B. County Defendants: State Claims (Claims Eight and Nine) [1]

In the eighth and ninth claims, the Plaintiffs allege state law tort claims of

---

[1] Neither the Plaintiffs nor the Defendants raise specific arguments regarding the viability of the Plaintiffs state law claims. Because the Defendants have requested the dismissal of the entire complaint, the Court will nevertheless address these claims against both the County and the Individual Defendants.

7

negligence and respondeat superior/vicarious liability against the County of Guernsey. To establish actionable negligence, one must show the existence of a duty, a breach of that duty and injury resulting proximately therefrom. *Mussivand v. David*, 45 Ohio St.3d 314, 318 (1989). The common law duty of due care is that degree of care which an ordinary reasonable and prudent person exercises, or is accustomed to exercising, under the same or similar circumstances. *Id.* To establish a prima facie case in an action based on the negligent hiring, supervision, or retention of an employee for damages caused by an employee under Ohio law requires proof of five elements: (1) existence of employment relationship; (2) employee's incompetence; (3) employer's actual or constructive knowledge of such incompetence; (4) employee's act or omission causing plaintiff's injuries; and (5) employer's negligence in hiring or retaining employee was the proximate cause of plaintiff's injuries. *Hout v. City of Mansfield*, 550 F. Supp. 2d 701 (N.D. Ohio 2008) (applying Ohio law).

In the present case, Defendants Knauf, Evancho, Beatty, Fitch, Williams, Phillips, Carpenter, and Anderson were employees of the Guersney County Sheriff's Office and the County of Guernsey; thus, the complaint has established the existence of an employment relationship. Making reasonable inferences in favor of the non-moving party, the facts as alleged in the complaint show that Johnson's death was proximately caused by individual employee's incompetence—ignoring the information about his medication—satisfying prongs two and four. The facts further show that the County Defendants had knowledge of the employee conduct, satisfying prong three. Further, the Court can infer the Plaintiffs intend to link the individual employee's conduct to the County Defendants' lack of a medical emergency training policy to establish the

employer's negligence as a proximate cause of injury and satisfying prong five.

Thus, Plaintiffs' negligence and respondeat superior claims against County Defendants in claims eight and nine have been sufficiently pleaded. Accordingly, County Defendants' Motion for Judgment on the Pleadings is **DENIED** as to claims eight and nine.

### C. Individual Defendants: Section 1983 Violation (Claim Four)

*1. Section 1983*

In the fourth claim, Plaintiffs allege that the Individual Defendants denied Johnson his constitutionally protected liberty interests and substantive due process rights under the Constitution and 42 U.S.C. § 1983. Specifically, Plaintiffs allege that while the Individual Defendants were acting in their official capacity as officers of the Guernsey County Sheriff's Office, the Individual Defendants recklessly refused to provide medical care to Johnson, and, as a direct and proximate result of this conduct, Johnson died in custody.

Section 1983 authorizes a court to grant relief when a party's federally protected rights have been violated by a state or local official or other person who acted under color of state law. In order to prevail in an action brought pursuant to § 1983, a plaintiff must prove that some conduct by a person acting under color of state law deprived the decedent of a right secured by the Constitution or other federal laws. *See, e.g.*, *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Foy v. City of Berea*, 58 F.3d 227, 229 (6th Cir. 1995). There is no dispute in this case that the Individual Defendants were acting under color of state law, so the Court will turn its attention to whether the Plaintiffs have adequately plead a deprivation of a constitutional right.

The Sixth Circuit has held that an arrestee has a constitutional right not to be deprived of needed medical care. *Hollenbaugh v. Maurer*, 221 F. App'x 409, 419–20 (6th Cir. 2007). "Where the circumstances are clearly sufficient to indicate the need of medical attention for injury or illness, the denial of such aid constitutes the deprivation of constitutional due process" and constitutes deliberately indifferent conduct. *Id.* (citing *Estate of Carter*, 408 F.3d at 313)). When law enforcement officers withhold needed medical care, they are acting with deliberate indifference and may be held personally liable. *Id*. at 419 (finding individual officers' conduct deliberately indifferent when a semi-conscience inmate on a fifteen-minute observation schedule was found dead; officers were on notice of inmates' need for medical care via his semi-conscience state).

Here, Plaintiffs have presented facts showing Knauf, Evancho, and Anderson were on duty at the Guernsey County Jail when Patrolmen Miller and Vanham brought in Johnson. Upon arrival at Guernsey County Jail, Johnson was non-responsive and could not be roused. Knauf, Evancho, and Anderson had the opportunity to ask Miller and Vanham about Johnson's medical history and observe Johnson's condition first hand. Making reasonable inferences in favor of the non-moving party, because of Johnson's unresponsive condition upon arrival at the Guernsey Count Jail, Knauf, Evancho, and Anderson knew or should have had reason to suspect that Johnson required medical attention. Knauf, Evancho, and Anderson failed to provide the needed medical care, instead taking Johnson into custody and placing him in an unsupervised cell, resulting in Johnson's death. Knauf, Evancho, and Anderson's failure to provide supervision to an unresponsive inmate with medical needs could, if proven, fall within the deliberately indifferent category established in *Hollenbaugh*.

Because the complaint alleges facts that support a "plausible claim" that Knauf, Evancho, and Anderson violated a constitutional right, the Defendants' Motion for Judgment on the Pleadings is **DENIED** as to claim four for Defendants Knauf, Evancho, and Anderson.

The Plaintiff's Complaint fails, however, to plead specific facts linking the conduct of Defendants Beatty, Fitch, Williams, Phillips, and Carpenter to Johnson's death. Beatty, Fitch, Williams, Phillips, and Carpenter took over operation of the Guernsey County Jail around 8:00 a.m., after Johnson had been placed in the detoxification cell. Beatty found Johnson dead in the detoxification cell around 11:00 a.m. Taken in the light most favorable to the non-moving party, the Complaint does not provide sufficient factual allegations of reckless misconduct attributed to Beatty, Fitch, Williams, Phillips and Carpenter. Thus, Defendant's Motion for Judgment on the Pleadings is **GRANTED** as to claim four for Defendants Beatty, Fitch, Williams, Phillips, and Carpenter.

*2. Qualified Immunity*

The Defendants have also moved for qualified immunity on the § 1983 claims against the Individual Defendants. The qualified immunity doctrine provides that "government officials performing discretionary functions generally are shielded from liability from civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Walsh v. Cuyahoga Cty.*, 424 F.3d 510, 513 (6th Cir. 2005) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). This immunity shields officials so "long as their actions could reasonably have been thought consistent with the rights they are alleged to

11

have violated."*Myers v. Potter*, 422 F.3d 347, 352 (6th Cir. 2005) (quoting *Anderson v. Creighton*, 483 U.S. 635, 638 (1987)), *cert. denied sub nom Hutchins v. Myers*, 126 S. Ct. 2300 (2006). There are two questions in a qualified immunity analysis: (1) "whether [a plaintiff] has 'alleged facts which, when taken in the light most favorable to her, show that the [officers'] conduct violated a constitutionally protected right;" and (2) if so, "whether such right was clearly established at the time of the violation." *Garreston v. City of Madison Hts.*, 407 F.3d 789, 796 (6th Cir. 2005) (quoting *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001)).

As discussed above, the Plaintiffs have alleged sufficient facts to show, if proven, that Defendants Knauf, Evancho, and Anderson violated a constitutionally protected right.[2] As to these Defendants, the Plaintiffs' complaint survives the first prong of the qualified immunity analysis. The complaint also survives the second prong of the qualified immunity analysis because the right at issue was clearly established no later than 2007 when the Sixth Circuit decided *Hollenbough*. The Court accordingly **DENIES** the motion to dismiss claim four against Defendants Knauf, Evancho, and Anderson on the ground of qualified immunity.

### D. Individual Defendants: State Claims (Claims One, Two, and Three)

In the first, second, and third claims, the Plaintiffs allege state law tort claims of wrongful death and survivorship against the Individual Defendants. The Individual Defendants argue that insufficient facts have been set forth in the complaint to support the claims for relief in counts one, two, and three.

---

[2] Having concluded that the § 1983 claim against Defendants Beatty, Fitch, Williams, Phillips, and Carpenter must be dismissed under Rule 12(b)(6), the question of whether these defendants are entitled to qualified immunity is moot.

12

A wrongful death action in Ohio has three elements: "(1) the existence of a duty owing to the plaintiff's decedent, (2) a breach of that duty, and (3) proximate causation between the breach of the duty and the death." *Thompson v. Wing*, 70 Ohio St. 3d 176, 184 (Ohio 1994); *see also* Ohio Rev. Code Ann. § 2125.01 ("When the death of a person is caused by wrongful act, neglect, or default which would have entitled the party injured to maintain an action and recover damages if death had not ensued, the person who would have been liable if death had not ensued . . . shall be liable to an action for damages . . . ."). Wrongful death claims serve to compensate a decedent's beneficiaries for the injuries they suffered as a result of the wrongful death. *Peters v. Columbus Steel Castings Co.*, 115 Ohio St. 3d 134, 137 (Ohio 2007).

Survival actions are also recognized by statute, *see* Ohio Rev. Code. Ann. § 2305.21, and serve to compensate a deceased's beneficiaries for the decedent's injuries, *Peters*, 115 Ohio St. 3d at 137. In the case *sub judice*, the Court construes the complaint to state a survivorship claim for injuries flowing from the Individual Defendants' negligence. A negligence claim in Ohio has four elements: "(1) a duty running from the defendant to the plaintiff, (2) a breach of that duty by the defendant, (3) damages suffered by the plaintiff, and (4) a proximate causal relationship between the breach of duty and the damages." *Schirmer v. Mt. Auburn Obstetrics & Gynecologic Assocs.*, 108 Ohio St. 3d 494, 498 (Ohio 2006).

The two actions share three elements: duty, breach, and causation. The existence of a duty is a question of law, *see Wallace v. Ohio DOC*, 96 Ohio St. 3d 266, 274 (Ohio 2002), and, as the Defendants have thus far only objected to the adequacy of the Plaintiffs' factual assertions, the Court sets aside the duty analysis unless or until raised

13

by a party. As for the breach and causation elements, the Plaintiffs' complaint sufficiently pleads facts that create a plausible claim for relief: Knauf, Evancho, and Anderson witnessed Johnson's condition and placed Johnson in a Guernsey County Jail detoxification cell while he was in an unresponsive state. None of the Individual Defendants provided Johnson, who remained unconscious until his death, with medical care or supervision. As a result of this inaction, or the breach of the duty of care, Johnson died.

Nor is there any question that the Plaintiffs sufficiently pled damages as to either claim. With respect to the wrongful death action, the Plaintiffs allege that Johnson's death caused them funeral expenses, the loss of Johnson's financial and personal support, and mental anguish. With respect to the survivorship action, the Plaintiffs allege that Johnson suffered an acute myocardial infarction, medical expenses, and pain and suffering.

In sum, the pleading of the state law claims satisfies the dictates of Rule 12(b)(6), and the Court **DENIES** the Defendants' motion to dismiss these claims against the Individual Defendants.

## V.  CONCLUSION

For the foregoing reasons, Defendants' Motion for Judgment on the Pleadings, as Amended (Doc. 23) is **DENIED** in part and **GRANTED** in part. The Individual Defendants' Motion is **GRANTED** as to claim four for Preston Beatty, Ron Fitch, Tracy Williams, Tom Phillips, and James Carpenter. The Plaintiffs' § 1983 claims against Defendants Beatty, Fitch, Williams, Phillips, and Carpenter shall be **DISMISSED** (claim four).

The Motion for Judgment on the Pleadings is **DENIED** as to all other claims. The Plaintiffs' § 1983 claims shall proceed against the County Defendants (claims five and seven) and Defendants Knauf, Evancho, and Anderson (claim four). The Plaintiffs' state law claims shall proceed against the County Defendants (claims eight and nine) and the Individual Defendants (claims one, two, and three).

**IT IS SO ORDERED.**

                                                  **s/ Algenon L. Marbley**
                                                  **Algenon L. Marbley**
                                                  **United States District Court**

**Date:** August 25, 2011